# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| DARRYL COLBERT, ) | |
|     Plaintiff, ) | |
| vs. ) | Case No. 07-6051-CV-SJ-FJG |
| ) | |
| MIKE KEMNA, et al., ) | |
|     Defendants. ) | |

## <u>ORDER</u>

Pending before the Court are (1) Defendants' Motion for Summary Judgment and Suggestions in Support (Doc. No. 152); and (2) Plaintiff's Motion for Leave to File Sur-reply in Opposition to Defendants' Motion for Summary Judgment (Doc. No. 166). As an initial matter, the Court agrees with plaintiff that defendants' reply suggestions raised new arguments and new authorities that were not raised in their opening suggestions at all. Plaintiff's motion for leave (Doc. No. 166) will therefore be **GRANTED**, and the proposed sur-reply (Doc. No. 167) will be considered properly filed.

**I.    BACKGROUND**

On April 15, 2002, plaintiff was attacked by Bobby Williams, a fellow prisoner, and suffered serious injuries as a result. Plaintiff alleges that defendants Baker, Carter and Almond told Williams approximately three hours before the attack that plaintiff had reported to prison officials that Williams and other prisoners planned to rape defendant Almond. Plaintiff also alleges that defendant Richey bragged and laughed with other inmates about telling another inmate that plaintiff was a snitch, causing plaintiff to be assaulted. Plaintiff further alleges that King and Kemna violated plaintiff's constitutional rights by failing to stop another prison employee from calling plaintiff a snitch.

On April 11, 2005, plaintiff filed a motion for leave to proceed in forma pauperis in Case No. 05-4112-CV-FJG. That motion was granted, and plaintiff's complaint was filed

on June 24, 2005. That complaint listed as defendants Gary B. Kempker[1], Kemna, Richie [sic], Baker, Almond, and Carter. Defendant King was not a party to plaintiff's first lawsuit. On May 8, 2006, the Court granted defendants' Kempker, Kemna, and Richie's motion to dismiss for failure to exhaust administrative remedies. Further, the Court dismissed the claims against defendants Baker, Almond, and Carter due to plaintiff's failure to timely serve these defendants. The dismissal of all defendants was without prejudice.

On May 7, 2007, plaintiff filed his complaint in this matter. See Order, Doc. No. 33. Defendant King was named for the first time in plaintiff's May 7, 2007 complaint. Defendants' previous motion to dismiss this case based on the statute of limitations was denied. See Order, Doc. No. 34.

Defendants Almond, Baker, Carter, Kemna, King, and Richey have now moved for summary judgment because they believe plaintiff's claims are barred by the applicable statute of limitations.

## II. STANDARD

Summary judgment is appropriate if the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The facts and inferences are viewed in the light most favorable to the nonmoving party. Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-590 (1986). The moving party must carry the burden of establishing both the absence of a genuine issue of material fact and that such party is entitled to judgment as a matter of law. Matsushita, 475 U.S. at 586-90.

Once the moving party has met this burden, the nonmoving party may not rest on the allegations in the pleadings, but by affidavit or other evidence, must set forth facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Lower Brule

---

[1]Kempker is not named as a defendant in the current lawsuit.

Sioux Tribe v. South Dakota, 104 F.3d 1017, 1021 (8th Cir. 1997). To determine whether the disputed facts are material, courts analyze the evidence in the context of the legal issues involved. Lower Brule, 104 F.3d at 1021. Thus, the mere existence of factual disputes between the parties is insufficient to avoid summary judgment. Id. Rather, "the disputes must be outcome determinative under prevailing law." Id. (citations omitted).

Furthermore, to establish that a factual dispute is genuine and sufficient to warrant trial, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the facts." Matsushita, 475 U.S. at 586. Demanding more than a metaphysical doubt respects the appropriate role of the summary judgment procedure: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action." Celotex, 477 U.S. at 327.

### III. ANALYSIS

Defendants argue that plaintiff's claims are time-barred under the applicable five year statute of limitations, as Mr. Colbert's claims accrued on April 15, 2002, the date of the assault. Thus defendants argue that all of defendants' claims ought to have been filed on or before April 15, 2007.[2]

As noted by plaintiff in his response, defendants' argument fails to take into account plaintiff's first action, filed in 2005 and dismissed without prejudice on May 8, 2006. Plaintiff notes that he re-filed his complaint on May 7, 2007, which is within one year of the dismissal without prejudice. Plaintiff notes that the Eighth Circuit applies Missouri's savings statute when considering statute of limitations issues. See R.S. Mo. § 516.230; Cross v. Gen. Motors Corp., 778 F.2d 468, 470 (8th Cir. 1985); Trout v. Zakhour, 774 F.Supp. 1204,

---

[2] Curiously, defendants make no reference to the Court's previous Order denying their motion to dismiss based on similar grounds.

1206 (E.D. Mo. 1991). Missouri's savings statute provides: "If any action shall have been commenced within the times respectively prescribed in sections 516.010 to 516.370, and the plaintiff therein suffered a nonsuit . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit. . . ." R.S.Mo. § 516.230. Plaintiff states that, as he commenced his second lawsuit within one year after the dismissal without prejudice of his claims, the second lawsuit was timely-filed.

In their reply suggestions, defendants make a new argument, that Missouri's savings statute does not apply to the claims made against defendants Almond, Baker, and Carter, as the dismissal against them was under Federal Rule of Civil Procedure 4(m).[3] Defendants cite to a Fifth Circuit opinion examining both federal and Louisiana law, which found that a dismissal for failure to serve state agency defendants did not operate to interrupt the running of the statute of limitations. Cruz v. Louisiana, 528 F.3d 375, 379 (5th Cir. 2008). In his sur-reply, however, plaintiff notes that under Missouri law, "A civil action is commenced by filing a petition with the court." Missouri Supreme Court Rule 53.01. The Missouri Supreme Court has held that Missouri's savings statute applied to save a claim dismissed on the first instance for failure to effectuate proper service. See Ostermueller v. Potter, 868 S.W.2d 110, 111 (Mo. 1993). This Court has held similarly. See Grady v. Russell, No. 04-4056-CV-C-NKL, 2006 WL 89839, *3 (W.D.Mo. Jan. 13, 2006). The Court finds that Missouri's savings statute applies to save plaintiff's claims against defendants Almond, Baker, and Carter. Therefore, defendants' motion for summary judgment will be **DENIED IN PART** as it relates to the claims made against defendants Almond, Baker, Carter, Kemna, and Richey.

Defendants also note in their reply that R.S.Mo. § 516.230 "applies only where the second and first causes of action are the same and the defendants in the second suit are

---

[3]Apparently defendants have abandoned their argument that the claims against defendants Kemna and Richey should be dismissed.

the same as in the first." Molder v. Trammell Crow Svcs., Inc., 309 S.W.3d 837, 841 (Mo. App. W.D. 2010).  Defendant King was not named as a defendant in the first lawsuit, so the savings statute cannot apply to the claims made against King.  Therefore, defendants' motion for summary judgment is **GRANTED IN PART** as to the claims made against defendant King.  The claims against defendant King are **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

Therefore, for the foregoing reasons:

(1) Defendants' motion for summary judgment is **DENIED IN PART** as it relates to the claims against defendants Almond, Baker, Carter, Kemna, and Richey; and

(2) Defendants' motion for summary judgment is **GRANTED IN PART** as it relates to the claims against defendant King.

**IT IS SO ORDERED.**

Dated:  8/31/2010  
Kansas City, Missouri.

/s/ FERNANDO J. GAITAN, JR.  
Fernando J. Gaitan, Jr.  
Chief United States District Judge