# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| DARRYL COLBERT,       ) | |
|     Plaintiff,       ) | |
| vs.       ) | Case No. 07-6051-CV-SJ-FJG |
|       ) | |
| MIKE KEMNA, et al.,       ) | |
|     Defendants.       ) | |

## ORDER

Before the Court are Plaintiff's Disclosure of Anticipated Lay Testimony Regarding Injuries (Doc. No. 237) and the Opposition of Defendants to Plaintiff's Offer of Anticipated Lay Testimony Regarding Injuries (Doc. No. 241). Both of these were filed pursuant to the Court's February 7, 2011 Order (Doc. No. 233).

**I.  Background.**

On April 15, 2002, plaintiff was attacked by Bobby Williams, a fellow prisoner, and suffered serious injuries as a result. Plaintiff alleges that defendants Baker, Carter and Almond told Williams approximately three hours before the attack that plaintiff had reported to prison officials that Williams and other prisoners planned to rape defendant Almond. Plaintiff alleges that defendants Baker, Carter and Almond failed to protect him from attack, and conspired to fail to protect plaintiff.

On February 7, 2011, the Court entered an order on the parties' motions in limine (Doc. No. 233). One of defendant Baker and Carter's requests was an order excluding lay testimony concerning the cause of plaintiff's injuries and prognosis. This motion was provisionally, subject to an offer of proof by plaintiff. Plaintiff filed his disclosures of anticipated lay testimony regarding injuries on February 16, 2011 (Doc. No. 237), and defendants filed their opposition of February 23, 2011 (Doc. No. 241).

**II.  Lay testimony concerning the cause of Plaintiff's injuries and prognosis.**

Following plaintiff's submission of disclosures of anticipated lay testimony,

Defendants provide opposition to paragraphs 1, 3, 6, and 7 in Doc. No. 237, indicating that with the exception of weight gain, most of the injuries or conditions are not visible injuries or are otherwise outside the realm of lay understanding. Defendants indicate that migraine headaches are not a visible injury, and the headache is a sophisticated medical condition which could be caused by numerous other factors. The other conditions defendants believe are non-apparent are pain, behavioral changes, or difficulty with reading or memory. In the alternative, defendants suggest that if the Court chooses to allow plaintiff and his wife to testify regarding the non-apparent conditions or symptoms, that the Court specifically instruct these witnesses outside the presence of the jury that they may not offer testimony directly or indirectly addressing causation. In addition, defendants object to paragraph 2 in Doc. No. 237, indicating that they are unable to frame a response because the description of lay testimony is too vague.

The Court finds that defendants' objections to this testimony will be **OVERRULED**, subject to reconsideration prior to the witnesses' testimony. The Court, however, is concerned about plaintiff's self-diagnosed "migraine headaches," and will allow plaintiff to describe the headaches he suffers, but will not allow him to label the headaches as migraines without medical testimony to support same. Additionally, plaintiff may describe his health before and after the attack, letting the jury draw their own conclusions.

**IT IS SO ORDERED.**

Dated: 4/1/11 /s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri Fernando J. Gaitan, Jr.
Chief United States District Judge