# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| DARRYL COLBERT, ) | |
|     Plaintiff, ) | |
| vs. ) | Case No. 07-6051-CV-SJ-FJG |
| ) | |
| KATHLEEN BAKER, et al., ) | |
|     Defendants. ) | |

## ORDER

Before the Court are (1) Plaintiff's Pro Se Motion for New Trial (Doc. No. 303); and (2) Plaintiff's Pro Se Motion for Enlargement of Time to Defendants Motion in Opposition to Plaintiff's Motion for New Trial (Doc. No. 309).

**I.**     **Background**

A jury trial was held in this matter from November 14 to November 15, 2011 to determine whether defendants Baker, Carter and/or Almond violated plaintiff's civil rights by telling inmate Bobby Williams that plaintiff had reported to prison officials that Williams and other prisoners planned to rape defendant Almond. Plaintiff asserted that Baker, Carter and/or Almond's statements cause Bobby Williams to attack plaintiff on April 15, 2002. At the close of the evidence, the Court granted a directed verdict in favor of defendant Carter. The jury then returned a verdicts in favor of defendants Almond and Baker.

**II.**     **Analysis**

In plaintiff's motion for new trial (Doc. No. 303), plaintiff asserts that his attorneys (who were court-appointed and pro bono) did not elicit expert reports and/or testimony from various neurosurgeons and psychiatrists, despite plaintiff requesting his attorneys contact these doctors. Plaintiff requests a new trial on the issue of the nature, extent and cause of his physical injuries due to his appointed counsel's purported failure to properly prepare

and present his case.

Defendants respond that the verdict reached by the jury was not against the weight of the evidence, as there was substantial evidence that defendants Almond and Baker did not cause plaintiff's injuries. Furthermore, defendants note that in civil cases there is no statutory or constitutional right to effective counsel, and even if there were, an expert that could opine on plaintiff's injuries would not have changed the outcome at trial as the jury did not find defendants liable at all (so damages were not even reached).

Instead of filing a reply, plaintiff filed a motion for extension of time to reply in that he is "in need of the trial transcripts of his November 14th and 15th trial setting," as he "cannot adequately respond to defendants' [suggestions in opposition] without properly being able to refute their response by the record." Doc. No. 309, p. 1. Plaintiff further indicates that his motion is "also against the improper arguments of the assistant attorney general in her presentation to the jury and he will need the record to substantiate his legal claim." Doc. No. 309, p. 2. Plaintiff further requests a copy of the trial transcript be prepared for purposes of this motion and any subsequent appeal.

The Court will **DENY** plaintiff's motion (Doc. No. 309) for additional time to reply and for preparation of a trial transcript. The issues raised in plaintiff's initial motion (Doc. No. 303) are not complex, and plaintiff should have been able to timely respond without a trial transcript. Additionally, the Court will not consider any alleged improper defense arguments that were not identified with any particularity in plaintiff's motions. Furthermore, civil litigants are not automatically entitled to trial transcripts at government expense. See 28 U.S.C. § 753(f); Rhodes v. Corps of Eng'rs, 589 F.2d 358, 359 (8th Cir. 1978). If plaintiff appeals, he may request preparation of a transcript at that time.

The Court now turns to plaintiff's motion for new trial (Doc. No. 303). Rule 59 motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Lowry v. Watson Chapel Sch. Dist., 540 F.3d 752, 761 (8th Cir. 2008). A new trial may be granted on the grounds that the verdict is so against the

weight of the evidence that a new trial is necessary to avoid a miscarriage of justice. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) (citations omitted).

In this case, the weight of the evidence is sufficient to support the jury's verdict. The outcome of this trial largely turned on whose testimony the jury believed: that of defendants Almond, Baker, and Carter, or that of inmate Bobby Williams. The Court cannot say the jury's verdict was seriously erroneous or a miscarriage of justice based on evidence presented at trial. Furthermore, plaintiff has no constitutional or statutory right to effective counsel in a civil matter. See Taylor v. Dickel, 293 F.3d 427, 431 (8th Cir. 2002). In this Court's opinion, plaintiff's appointed counsel performed more than adequately both in their pretrial preparation and at trial. Additionally, plaintiff has identified no new evidence that would support a new trial. Plaintiff's motion for new trial (Doc. No. 303) is **DENIED.**

### III. Conclusion

Therefore, for the foregoing reasons:

(1) Plaintiff's Pro Se Motion for New Trial (Doc. No. 303) is **DENIED**; and

(2) Plaintiff's Pro Se Motion for Enlargement of Time to Defendants Motion in Opposition to Plaintiff's Motion for New Trial (Doc. No. 309) is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 9, 2012　　　　　　　　　　/s/ FERNANDO J. GAITAN, JR.
Kansas City, Missouri　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge